UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARKHANNA HOWARD,

        Plaintiff,

                                          CASE NO.

vs.

CREDIT PROTECTION ASSOCIATION,
L.P.,

        Defendant.

_____ /

## NOTICE OF REMOVAL

COMES NOW defendant, CREDIT PROTECTION ASSOCIATION, L.P.,

("Defendant"), by and through its undersigned counsel, pursuant to the provisions of 28

U.S.C. §§ 1331, 1441 and 1446, appearing specially so as to preserve any and all

defenses available under Rule 12 of the Federal Rules of Civil Procedure, and/or any and

all defenses under the federal laws of bankruptcy and specifically preserving the right to

demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9

U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the Circuit

Court of Orange County, Florida to the United States District Court for the Middle

District of Florida, Tampa Division. In support of this notice of removal, Defendant

states as follows:

## INTRODUCTION

1.      Plaintiff, CHARKHANNA HOWARD ("Plaintiff"), commenced this

action by filing a complaint against Defendant in the Circuit Court of Pinellas County,

Florida, Case Number 2016-001202-CI on or about February 24, 2016. Defendant was

served with the Complaint through its Florida Registered Agent on February 29, 2016.

2.     Plaintiff's complaint asserts a claim against Defendant relating to alleged improper collection of a debt. [*See generally* Complaint.]

3.     Based on these allegations, Plaintiff purports to assert a federal claim against Defendant under the Fair Debt Collection Practices Act ("FDCPA"). [*Id.*]

4.     Plaintiff also purports to assert a federal claim against Defendant under the Telephone Consumer Protection Act ("TCPA"). [*Id.*]

5.     Plaintiff has also alleged a violation of the Florida Consumer Collection Practices Act, § 559.72, et seq., Florida Statutes, arising from the same alleged acts underlying the federal violations alleged above.

6.     This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present.  Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDICTION

7.     Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."  28 U.S.C. § 1331. Removal jurisdiction based upon federal question exists when a federal question is presented on the face of a plaintiff's complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

21946671v1 2930

8.    This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiff is asserting a claim against Defendant based upon an alleged violations of the FDCPA and the TCPA, which are federal consumer protection statutes. [*See* Complaint; *see also* 15 U.S.C. § 1692, *et seq.* and 47 U.S.C. § 227 *et seq.*]

9.    Accordingly, Plaintiff's FDCPA and TCPA claims arise under the laws of the United States and could have been originally been filed in this Court. *See* Boone v. JP Morgan Chase Bank, N.A., 447 F. App'x 961, 963 (11th Cir. 2011) (holding that removal was proper because the district court had subject matter jurisdiction over the claims that were based on alleged violations of federal statutes including FDCPA).

10.    Defendant is entitled to remove Plaintiff's FDCPA and TCPA claims to this Court pursuant to 28 U.S.C. §1441(a), which states as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

11.    Accordingly, Defendant is entitled to remove Plaintiff's FDCPA and TCPA claims to this Court because this Court has original jurisdiction over these claims, and the state court action is currently pending in this District and Division. 28 U.S.C. § 1441(a).

12.    This Court has supplemental jurisdiction over Plaintiff's FCCPA claims by virtue of the Court's original jurisdiction over Plaintiff's FDCPA and TCPA claims. 28 U.S.C. § 1367(a).

21946671v1 2930

13.     This Court should exercise supplemental jurisdiction over Plaintiff's FCCPA claims because they arise from the same core of (alleged) operative facts and involve substantially similar questions of law as Plaintiff's FDCPA and TCPA claims. 28 U.S.C. § 1367(a). Indeed, all of the claims asserted in Plaintiff's Complaint arise from Defendant's allegedly improper debt collection activity, and therefore form part of the same case or controversy. (*See* Compl. ¶¶ 7-18.) Moreover, Plaintiff's FCCPA claims do not involve novel or complex issues of Florida law or substantially predominate over the federal claims, and there are no other "compelling" reasons for declining supplemental jurisdiction in this case. *See* 28 U.S.C. §§ 1367(a); (c).

14.     As a result, all claims alleged in Plaintiff's Complaint should be removed to this Court pursuant to 28 U.S.C. § 1441.

## ADOPTION AND RESERVATIONS OF DEFENSES

15.     Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of : (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fla. R. Civ. P. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## PROCEDURAL REQUIREMENTS

16.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

21946671v1 2930

17.     True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto in conformity with 28 U.S.C. § 1446(a).  There has been no other process, pleadings, or orders served upon Defendant to date in this case.

18.     This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446.

19.     Defendant has heretofore sought no similar relief.

20.     The United States District Court for the Middle District of Florida, Tampa Division, is the court and division embracing the place where this action is pending in the state court.

21.     Promptly after the filing of this notice of removal, Defendant will file a copy of same with the clerk of the County Court of Pinellas County, Florida and a notice of filing notice of removal, as required by 28 U.S.C. § 1446.  Written notice of the filing of this notice of removal is also being served upon counsel for the Plaintiff.

22.     Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

WHEREFORE, Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Pinellas County, Florida to the United States District Court for the Middle District of Florida, Tampa Division.

21946671v1 2930

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2016, a true and correct copy of the foregoing was furnished via electronic mail to counsel for Plaintiff, Michael A. Ziegler, Esquire, Law Office of Michael A. Ziegler, P.L., 13575 58th Street North, Suite 129, Clearwater, Florida 33760 mike@zieglerlawoffice.com.

HINSHAW & CULBERTSON LLP

Ruel W. Smith
Florida Bar No. 36548
rsmith@hinshawlaw.com
Andrew J. J. Collinson
Florida Bar No. 55552
acollinson@hinshawlaw.com
100 South Ashley Drive
Suite 500
Tampa, FL 33602
Telephone: 813-276-1662
Facsimile: 813-276-1956
Attorneys for Defendant CREDIT
PROTECTION ASSOCIATION, L.P.

21946671v1 2930