IN THE CIRCUIT COURT OF THE
SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS
COUNTY, FLORIDA

CASE NO.: 16-001202-CI

CHARKHANNA HOWARD,

Plaintiff(s),

v.

CREDIT PROTECTION
ASSOCIATION, L.P.,

Defendant(s).

_______________________________/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE RELIEF SOUGHT**

COMES NOW, Plaintiff, CHARKHANNA HOWARD (hereinafter "Ms. Howard" or "Plaintiff"), by and through the undersigned counsel, hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought as against Defendant(s), **CREDIT PROTECTION ASSOCIATION, L.P.** (hereinafter "Defendant"), and in support thereof states as follows:

***Jurisdiction and Venue***

1. This is an action for damages in excess of $15,000.00, exclusive of attorney's fees, interest, and costs.
2. Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.
3. Jurisdiction of this Court also arises under 47 U.S.C. § 227 (b) (3) (2015).
4. Venue is proper in Pinellas County, FL, where the tortious activity took place in Pinellas County, Florida.

***Parties***

5. Under information and belief, this action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"), and the Florida Consumer Collections Practices Act, Florida Statute § 559.72 et. seq. ("FCCPA").

6. Plaintiff, Ms. Howard, is a natural person and at all times material hereto is an adult, a resident of Pinellas County, Florida, and a "consumer" as defined by 15 U.S.C. § 1692a (3) and "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

7. Ms. Howard is the regular user and subscriber of the cellular telephone number 407-879-5575, and thereby is the "called party" as referenced in the Restrictions on Use of Telephone Equipment (TCPA), 47 U.S.C. § 227 (b) (1) (A) (iii).

8. At all times material hereto, Defendant, CPA, was and is a foreign limited partnership with its principal place of business in the state of Texas and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, Florida 33324.

9. Further, at all times material hereto, CPA is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) & 15 U.S.C § 1692a (6).

***Statements of Fact***

10. In or around January 2015, Ms. Howard began receiving calls from Defendant.

11. In its calls, Defendant asked for a "Stephanie Mercer" in attempts to collect a debt.

12. In or around February 2015, Ms. Howard answered one or more of Defendant's calls and asked that they stop calling her. Ms. Howard informed Defendant that she did not owe the debt.

13. At this point in time, Ms. Howard also informed Defendant that she had no knowledge of "Stephanie Mercer" and that the phone number 407-879-5575 belonged to Ms. Howard, not "Stephanie Mercer."

14. Despite her request for Defendant's calls to stop, Defendant continued to call Ms. Howard's cellular phone in attempts to collect a debt.

15. Defendant called Ms. Howard's cellular phone at least forty two (42) times during the time period of February 13, 2015 to April 10, 2015. *See* **Exhibit A.**

16. Defendant called Ms. Howard's cellular phone from at least four different phone numbers: 844-335-5695, 844-335-5696, 844-543-6093, and 844-335-5702.

17. Defendant called Ms. Howard's cellular phone up to three times per day.

18. Ms. Howard has been harassed by Defendant's calls due to the frequency and timing of each of the calls.

19. Under information and belief, each of the telephone calls identified in **Exhibit A** were placed to Ms. Howard's cellular telephone number using an automatic telephone dialing system.

20. Under information and belief, Defendant did not place any calls to Ms. Howard for emergency purposes.

21. Defendant did not have Ms. Howard's express consent to make any of the telephone calls identified in **Exhibit A** to Ms. Howard's cellular telephone number.

***Count I: Violation of Restrictions on Use of Telephone Equipment (TCPA)***

22. Ms. Howard re-alleges paragraphs 1-21 and incorporates the same herein by reference.

23. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

24. Ms. Howard revoked consent to have the Defendant call her cellular phone in or around February of 2015 when she expressly told Defendant to stop calling her, that she did not owe a debt, and that "Stephanie Mercer" was not at that phone number.

25. Despite this revocation of consent, Defendant thereafter called Ms. Howard at least forty two (42) times.

26. Defendant willfully and knowingly placed non-emergency calls to Ms. Howard's cellular telephone without the express consent of Ms. Howard, using an automatic telephone dialing system, violating the Restrictions on Use of Telephone Equipment.

27. All conditions precedent to this action have occurred.

WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant as follows:

 a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

 b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

 c. Awarding Plaintiff costs;

 d. Ordering an injunction preventing further wrongful contact by the Defendant; and

 e. Any other and further relief as this Court deems equitable.

***Count 2: Violation of the Fair Debt Collection Practices Act ("FDCPA")***

28. Plaintiff re-alleges paragraphs 1-21 and incorporates the same herein by reference.

29. Plaintiff is a "consumer" within the meaning of the FDCPA.

30. Under information and belief, the subject debt is a "consumer debt" within the meaning of the FDCPA.

31. Defendant is a "debt collector" within the meaning of the FDCPA.

32. All of the calls Defendant placed to Plaintiff constitute "communications" as defined by 15 U.S.C. § 1692a (2).

33. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Debt Collector violated 15 U.S.C. § 1692d (5) (2012) by causing Plaintiff's telephone to ring continuously with the intent to annoy, abuse, and harass the person at the called number.

34. As a result of the above violation of the Act, Plaintiff has been subjected to illegal collection activities for which she has been damaged.

35. It has been necessary for Plaintiff to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

36. All conditions precedent to this action have occurred.

WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 15 U.S.C. § 1692k (a) (2) (A);

b. Awarding actual damages;

c. Awarding costs and attorneys' fees; and

d. Any other and further relief as this Court deems equitable.

***Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")***

37. Plaintiff re-alleges paragraphs 1-21 and incorporates the same herein by reference.

38. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated the FCCPA § 559.72 (7) by willfully communicating with Ms. Howard with such frequency as can reasonably be expected to harass Ms. Howard, by causing Ms. Howard's cell phone to ring continuously.

39. As a result of the above violations of the Act, Plaintiff has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

40. It has been necessary for Plaintiff to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

41. All conditions precedent to this action have occurred.

WHEREFORE, Plaintiff requests this Court to enter judgment against Defendant as follows:

a. Awarding statutory damages as provided by Fla. Stat. § 559.77 (2);

b. Awarding actual damages;

c. Awarding punitive damages;

d. Awarding costs and attorneys' fees;

e. Ordering an injunction preventing further wrongful contact by the Defendant; and

f. Any other and further relief as this Court deems equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff, CHARKHANNA HOWARD, demands a trial by jury on all issues so triable.

Respectfully submitted this **February 16, 2016.**

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Trial Counsel for Plaintiff
FBN: 74864
Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p) (727) 538-4188
(f) (727) 362-4778
mike@zieglerlawoffice.com